UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | |
|---|---|
| UNITED EVANGELICAL & MISSIONARY OUTREACH, INC., | CIVIL ACTION: |
| Plaintiff, | |
| v. | JUDGE: |
| ASPEN SPECIALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |

## NOTICE OF REMOVAL

Defendant, Aspen Specialty Insurance Company ("Aspen"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *United Evangelical & Missionary Outreach, Inc. v. Aspen Specialty Insurance Company*, Case No. 23-004064-CA on the docket of the Circuit Court of the 20th Judicial Circuit in and for Charlotte County, Florida. In support of its Notice of Removal, Aspen respectfully represents:

1. Plaintiff commenced the captioned action by filing a Complaint in the 20th Circuit Court in and for Charlotte County, Florida on October 23, 2023.

2. Process was transmitted to the Florida Chief Financial Officer and subsequently forwarded to Aspen's agent for service of process on October 26,

2023. A copy of all process and pleadings served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith. (A copy of the Notice, Summons, and Complaint are attached herein as Exhibit A *in globo*).

3. In the Complaint, Plaintiff alleges its property located at 4200 Juniper St., Port Charlotte, Charlotte County, FL 33948 sustained a loss during a policy period provided by Aspen. (Complaint, ¶¶ 2, 4).

4. Plaintiff alleges Aspen breached an insurance contract with Plaintiff by failing to properly adjust Plaintiff's claim regarding the alleged loss and failing to compensate Plaintiff for its loss. (Complaint, ¶¶ 12-28).

5. Plaintiff alleges it is also entitled to recover attorney's fees and costs. (Complaint, Prayer for Relief).

6. Plaintiff did not assert a specific dollar demand in the Complaint, other than to state that the claim exceeded $50,000. (Complaint, ¶1). Therefore, it was not determinable from the face of the lawsuit as to whether the $75,000 amount in controversy requirement for diversity jurisdiction was satisfied.

7. As part of its Property Notice of Intent to Initiate Litigation, Plaintiff submitted a presuit settlement demand and an estimate prepared by its public adjuster in the amount of $1,332,750.00. (*See* Exhibit B – Notice & Estimate).

8. Plaintiff failed to allege its citizenship in its Complaint; however,

upon information and belief, Plaintiff is a Florida corporation with a principal place of business in Florida. (*See* Exhibit C – Sunbiz Listing).

## **DIVERSITY JURISDICTION**

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

10. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a Florida corporation with a principal place of business in Florida. Aspen is a corporation organized under the laws of North Dakota, with its principal place of business in New York. Therefore, complete diversity exists between the parties.

11. As discussed above, Plaintiff did not plead a specific amount of recovery in the Complaint. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed". *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 -1320 (11th Cir. 2001).

The Court is permitted to review the record for evidence supporting removal jurisdiction when the pleadings are inadequate. *Id.*

12. As demonstrated above, based on the exhibits attached to this Notice of Removal, the Plaintiff's claim for breach of contract seeks damages in excess of $75,000. Further, for the purpose of diversity jurisdiction, attorneys' fees are included as part of the amount in controversy. *Smith v. GTE Corp.*, 236 F.3d 1292, (11th Cir. 2001). As such, the asserted claim for attorneys' fees (if recoverable), supports the conclusion that the amount in controversy exceeds $75,000.

13. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within 30 days after the receipt of a pleading, motion, or other paper from which it could be ascertained that the case is one which is or has become removable. Plaintiff's Notice of Intent to Initiate Litigation within the meaning of the removal statute. 28 U.S.C. § 1446(c)(3)(A) specifically provides that a discovery response is an "other paper" within the meaning of the removal statute. Therefore, this Notice of Removal is timely as it is being filed within 30 days of the service of Plaintiff's Complaint.

14. Based on the totality of the evidence in the record before the Court, the amount in controversy exceeds the $75,000 jurisdictional threshold, and that the Court's exercise of diversity jurisdiction in this matter is proper.

## REMOVAL PROCEDURE

15.     A copy of this Notice of Removal is being served upon all known counsel of record.  A copy of a Notice of this Removal is being filed with the Clerk of Court for the Circuit Court in and for Charlotte County, Florida.

16.     Copies of all process, pleadings, and Answer filed by Aspen are attached herein as exhibits.

WHEREFORE, Aspen Specialty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER**

*/s/ Charles R. Rumbley*
**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
**BENJAMIN J. RUSSELL**
Florida Bar No. 1023443
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
crr@lcba-law.com

*Attorneys for Aspen Specialty Insurance Company*

## **Certificate of Service**

**I hereby certify** that on November 21st, 2023, I served the foregoing document on counsel for Plaintiff, James S. Constable, at the designated e-mail addresses: lit@constable-law.com and kate@constable-law.com.

                                                                             */s/ Charles R. Rumbley*